MONROE, Judge.
Raleigh Villas Apartments sued Patrick Gerelds in the Jefferson District Court, alleging that Gerelds had failed to pay his apartment rent and other miscellaneous charges in accordance with the lease agreement between Raleigh Villas and Gerelds. Gerelds’s answer denied the allegations; he filed a counterclaim alleging a breach of contract. On August 21, 1996, the district court entered a judgment in favor of Raleigh Villas for $400.
Gerelds appealed to Jefferson Circuit Court. Six months after filing the notice of appeal, Gerelds amended his counterclaim to add a fraud claim. Raleigh Villas moved to strike the amendment, and the court granted the motion. Upon agreement of the parties, the court entered a judgment in favor of Raleigh Villas for $400. Gerelds appeals.
Gerelds claims that the trial court erred in striking the amendment to his counterclaim, because, he argues, the fraud counterclaim was a compulsory counterclaim and, pursuant to Rule 13(dc), Ala. R. Civ. P., a pleader is excused from asserting a compulsory counterclaim in the district court if the claim is beyond the jurisdiction of the district court. Gerelds contends that his fraud counterclaim sought a recovery beyond the district court’s jurisdiction.
Raleigh Villas contends that the fraud counterclaim was actually an affirmative defense and, under Rule 8(c), Ala. R. Civ. P., fraud as an affirmative defense must be pleaded in the original responsive pleading. Thus, Raleigh Villas argues, because Gerelds failed to assert fraud in his original pleading, the trial court properly struck the amendment.
The court did not explain why it struck Gerelds’s amendment. It stated only that Raleigh Villas’ motion to strike was granted pursuant to Rule 8 and Rule 13, Ala. R. Civ. P.
Rule 13(j), Ala. R. Civ. P., provides:
“When an action is commenced in a court from which an appeal lies to the circuit court for a trial de novo any counterclaim made compulsory by subdivision (a) of this rule shall be stated as an amendment to the pleading within thirty (30) days after the appeal has been perfected to the circuit court or within such further time as the court may allow; and other counterclaims and cross-claims shall be permitted as in an original action.”
Gerelds argues that his fraud claim is a compulsory counterclaim. Under Rule 13(a), Ala. R. Civ. P., a counterclaim is compulsory “if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” Raleigh Villas’ complaint alleged that Gerelds had failed to pay Raleigh Villas certain fees, including a credit check fee and a moving fee. Gerelds’s amendment to his counterclaim alleged that Raleigh Villas had defrauded him by charging him a credit cheek fee and a moving fee without providing him a service for those fees. Thus, we agree with Gerelds that his counterclaim was a compulsory counterclaim.
Gerelds filed his notice of appeal to the circuit court on September 4, 1996 and *928 the case was transferred to the circuit court on September 6, 1996. Gerelds filed the amendment to his counterclaim on March 4, 1997. Thus, Gerelds’s amendment to his counterclaim was not filed within 80 days of the perfection of the appeal, as required by Rule 13(j), Ala. R. Civ. P. Therefore, the court properly struck the amendment.
Because this ruling is dispositive, we will not address the parties’ other contentions. The judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.